```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                :
EDWIN PEREZ,                    :
                                :   Civil Action No. 09-4496 (WJM)
            Petitioner,         :
                                :
      v.                        :   **OPINION**
                                :
WARDEN PAUL SCHULTZ,            :
                                :
            Respondents.        :
_____:

**APPEARANCES**:

    **EDWIN PEREZ**, Petitioner Pro Se
    # 69457-053
    FCI Fairton
    459-03-98/1352-0-01 Case # P.C.R.
    P.O. Box 420
    Fairton, New Jersey 08320

**MARTINI**, District Judge

    This matter is before the Court on petitioner Edwin Perez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he is challenging his 2001 New Jersey state court conviction. For reasons discussed below, it appears from review of the petition papers provided by petitioner that his § 2254 habeas petition is subject to dismissal for lack of "in custody" jurisdiction.

1

I.    PROCEDURAL BACKGROUND

Petitioner, Edwin Perez ("Perez"), filed a petition for habeas corpus relief on or about August 26, 2009.[1]  According to the allegations contained in his petition, Perez was convicted by guilty plea in 2001, in the Superior Court of New Jersey, Law Division, Hudson County, on one count of second degree conspiracy.  All other counts were dismissed.  He was sentenced to eight years in prison.[2]  (Petition, ¶¶ 1-5).

---

[1] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  When the Court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Here, Perez signed and dated his petition on August 26, 2009.  Therefore, the Court will use the date of August 26, 2009 as the date of filing, as opposed to the date this petition was received in the Clerk's Office on August 31, 2009.

[2] Perez provided the state court docket numbers of the commitment orders for the state criminal conviction he is challenging in his petition.  Namely, #459-03-98 on the conspiracy count, and #1352-07-01 on a merged count of bail jumping/failure to appear.  In the New Jersey Department of Corrections' Internet site for Offender Search details, it shows that Perez was sentenced on September 7, 2001 to a maximum eight year term.  Perez was admitted into state custody on September 7, 2001 and "Released by Court" on February 7, 2002.  See https://www6.state.nj.us/DOC_Inmate/details?x=1220404&n=7.

Perez filed a direct appeal from his conviction and sentence to the Superior Court of New Jersey, Appellate Division.  On December 1, 2005, the Appellate Division affirmed the conviction and sentence.  The Supreme Court of New Jersey denied certification on April 21, 2008.  The United States Supreme Court denied Perez's petition for certiorari on November 19, 2008 as time barred.  (Pet., ¶ 9).

Perez states that he filed a petition for post-conviction relief ("PCR") in state court, which was denied on December 1, 2005.  He filed an appeal to the New Jersey Appellate Division.  Perez states that the Appellate Division denied his appeal on September 27, 2007.  (Pet., ¶ 11).

Perez filed this federal habeas petition on August 26, 2009.  At the time he filed this § 2254 petition, Perez was confined at the FCI Fairton, apparently on federal charges.

## II.  STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.

3

Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### III.  ANALYSIS

A.  Petitioner Not "In Custody" Under 28 U.S.C. § 2254

Petitioner brings this action under 28 U.S.C. § 2254. Section 2254 provides:

> (a)  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person **in custody** pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added).  While the "in custody" requirement is liberally construed for purposes of habeas corpus, a petitioner must be **in custody** under the conviction he is attacking when the petition is **filed**, in order for this Court to have jurisdiction.  See Maleng v. Cook, 490 U.S. 488, 490-92 (1989).

No court has held that a habeas petitioner is in custody when a sentence imposed for a particular conviction had fully expired at the time the petition was filed.  Indeed, the Supreme Court held that its decision in Carafas v. LaVallee, 391 U.S. 234 (1968) "strongly implies the contrary." Maleng, 490 U.S. at 491. In Carafas, the Supreme Court noted that the unconditional release of petitioner raised a 'substantial issue' as to whether

4

the statutory 'in custody' requirement was satisfied. Maleng, 490 U.S. at 491 (*citing* Carafas, 391 U.S. at 238). The Court ultimately found the in custody requirement was satisfied in Carafas, not because of the collateral consequences of a conviction, but due to the fact that petitioner had been in physical custody pursuant to the challenged conviction at the time the petition was filed. Maleng, 490 U.S. at 492 (*citing* Carafas, 391 U.S. at 238). Thus, the clear implication of the Supreme Court's holding is "that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it."[3] Maleng, 490 U.S. at 492.

Here, it would appear from the face of the petition that the state court conviction and sentence now challenged by Perez have fully expired before he filed this petition for federal habeas relief. He was sentenced to a maximum eight year term on September 7, 2001, and the state court record shows that Perez was released from state custody on February 7, 2002. Moreover, it appears that Perez is now confined in a federal prison for a

---

[3] Collateral consequences of a conviction include such things as the deprivation of the right to vote, to hold public office, to serve on a jury, or to engage in certain businesses. See St. Pierre v. United States, 319 U.S. 41 (1943).

5

federal conviction. Thus, Perez may not be entitled to relief under § 2254 and his petition is subject to dismissal for lack of jurisdiction.

However, before this Court dismisses this petition for lack of "in custody" jurisdiction, an Order will be issued directing Perez to show cause in writing why his petition should not be dismissed for failure to satisfy the "in custody" requirement under 28 U.S.C. § 2254(a).

## CONCLUSION

For the foregoing reasons, because this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 may be subject to dismissal for lack of "in custody" jurisdiction, the Court will order Perez to show cause in writing why his petition should not be dismissed for failure to satisfy the "in custody" requirement under 28 U.S.C. § 2254(a). An appropriate order follows.

s/William J. Martini
_____
WILLIAM J. MARTINI
United States District Judge

DATED: 10/13/09