```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


EDWIN PEREZ,                          :
                                      :    Civil Action No. 09-4496 (WJM)
            Petitioner,               :
                                      :
      v.                              :    OPINION
                                      :
PAUL SCHULTZ, et al.,                 :
                                      :
            Respondents.              :
```

**APPEARANCES:**

    EDWIN PEREZ, Petitioner pro se
    #69457-053
    FCI Fairton
    P.O. Box 420
    Fairton, New Jersey 08320

    KIMBERLY YONTA, ESQ.
    HUDSON COUNTY PROSECUTOR'S OFFICE
    595 Newark Avenue
    Jersey City, New Jersey 07306

**MARTINI**, District Judge

    Petitioner Edwin Perez, a convicted state prisoner who completed service of his New Jersey state sentence and is currently confined at the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton"), submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2001 New Jersey state court conviction and sentence. For the reasons stated herein, the Petition will be dismissed as time-barred.

I.  PROCEDURAL BACKGROUND

Petitioner, Edwin Perez, filed a petition for habeas corpus relief on or about August 26, 2009.[1]  According to the allegations contained in his petition, and the state court record provided by respondents, on June 28, 1999, Petitioner pled guilty before the Honorable Kevin G. Callahan in the Superior Court of New Jersey, Law Division, Hudson County, to an amended charge of conspiracy to distribute cocaine, in violation of N.J.S.A. 2c:5-2 AND 2c:35-5.[2]  Before sentencing, however, Petitioner fled the state court's jurisdiction.  On June 19, 2001, Petitioner was indicted on a single charge of bail jumping in violation of

---

[1] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Often times, when the Court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Here, Petitioner signed his petition on August 26, 2009.  Therefore, the Court will use the date August 26, 2009, for statute of limitation purposes, as the date this habeas action was filed, rather than the date the petition was received by the Court on August 31, 2009.

[2] On or about February 13, 1998, a Hudson County grand jury indicted Petitioner on ten counts of drug and weapons offenses. (Ra1-3, Indictment).  "Ra" refers to the State's appendix, which provides the relevant state court record in this matter.

N.J.S.A. 2C:29-7.  He pled guilty to that charge on July 19, 2001.  Thereafter, Petitioner was sentenced on September 7, 2001, to a seven year prison term on the conspiracy to distribute cocaine charge, and a twelve month consecutive term for the bail jumping charge.  (Ra4-11).

Petitioner did not file a direct appeal from his sentence.  On February 7, 2002, Petitioner was paroled and was placed in the Intensive Supervision Program ("ISP").  On November 12, 2002, Petitioner was charged with a federal drug offense and was in federal custody pursuant to his eventual federal conviction at the time he filed this § 2254 habeas petition.

On August 12, 2004, while in federal custody, Petitioner filed a state petition for post-conviction relief ("PCR") in the Superior Court of New Jersey, Law Division, Hudson County.  (Ra12).  In his state PCR brief, Petitioner asserted claims of ineffective assistance of counsel based on (a) counsel's alleged failure to inform Petitioner of the fact that his guilty pleas could be used later as a federal sentencing enhancement, and (b) counsel's alleged failure to make an argument for less than the presumptive sentence as part of the plea agreement.  (Ra14-25).

On December 1, 2005, Judge Callahan denied Petitioner's state PCR petition and his request for an evidentiary hearing.  (Ra83 and 4T - transcript of December 1, 2005 PCR Motion hearing).  Petitioner filed an appeal from denial of his state

PCR petition before the Superior Court of New Jersey, Appellate Division. (Ra84-86). On September 27, 2007, the Appellate Division affirmed the sentencing court's denial of Petitioner's state PCR petition. (Ra158-165). Petitioner filed a petition for certification before the New Jersey Supreme Court, which was denied on April 18, 2008. (Ra223).

As stated above, this federal § 2254 habeas petition was filed on August 26, 2009. Petitioner asserts the following claims: (1) Ineffective assistance of counsel at guilty plea stage for failing to investigate the presumptive term sentencing before plea; (2) Ineffective assistance of counsel claim for failing to raise a double jeopardy violation, namely, trial counsel "failed to notice the drafting of the indictment, the indictment was for multiple punishment;" and (3) Ineffective assistance of counsel in failing to inform Petitioner of the maximum potential penalty during his guilty plea, rendering his guilty plea unknowing, involuntary and not intelligently made. (Petition).

The State answered the petition on January 14, 2010, providing the relevant state court record. (Docket entry no. 8). The State argues that Petitioner's claims lack merit, that his petition should be dismissed as time-barred and/or because Petitioner was not "in custody" at the time he filed his § 2254 habeas petition, as required under 28 U.S.C. § 2254(a). The State also contends that some of Petitioner's claims were not

4

raised or fully exhausted in state court as required under 28 U.S.C. § 2254(b)(1)(A).

## II.   STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Because Petitioner is a pro se litigant, the Court will accord his petition the liberal construction intended for pro se petitioners.

## III.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

5

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

6

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns, 134 F.3d at 111. However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[3] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court. See Lawrence v. Florida, 549 U.S. 327, 332-33 (2007); Stokes v.

---

[3] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

7

District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Here, Petitioner's judgment of conviction became final after the enactment of AEDPA, having been entered on or about September 7, 2001. Because Petitioner did not file a direct appeal, his conviction and sentence became final, and his statute of limitations for filing a habeas petition began to run, on the date on which the time for filing a direct appeal expired. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Since the judgment of conviction was entered on September 7, 2001, and under New Jersey state court rules, the time for filing a direct appeal expired 45 days thereafter, on or about October 22, 2001. See N.J.Ct.R. 2:4-1(a). Thus, for purposes of determining when the statute of limitations would start to run, Petitioner had one year from October 22, 2001, or until October 22, 2002, to timely file his federal habeas petition under § 2254.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Petitioner would have had to file his state PCR petition before the one-year period had expired, or before October 22, 2002. Otherwise, the state PCR petition would not serve to toll the statute of limitations. In this case, Petitioner filed his state PCR petition on or about August 12, 2004, almost two years after his one-year statutory period had expired.

Petitioner's state PCR proceedings were completed on April 21, 2008, when the New Jersey Supreme Court denied certification on appeal from denial of his state PCR petition. Therefore, even if this Court were to assume for argument's sake that Petitioner had filed his state PCR petition before the one-year statute of limitations had expired, and that the statutory period had been tolled during the time his state PCR proceedings were pending, and further that he had, for argument's sake, one year from the date his state PCR proceedings were completed on April 21, 2008 to file his § 2254 habeas petition, see Lawrence v. Florida, 549 U.S. at 332-33; Stokes, 247 F.3d at 542 (§ 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court), this habeas petition would still be untimely because it was filed on August 26, 2009, four months after the one year period would have expired on April 21, 2009, under this supposed scenario.

The State raised this time-bar argument as an affirmative defense in its answer to the habeas petition. Petitioner filed a traverse, but failed to address the State's time-bar defense. Thus, Petitioner fails to overcome this statutory time bar by raising an equitable tolling argument of any kind. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d

Cir. 1998). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence, 549 U.S. at 336; Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005); Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). See also Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2562 (June 14, 2010)(holding that the one-year limitations period under AEDPA is subject to equitable tolling "in appropriate cases," where the petitioner demonstrates (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstances stood in his way and prevented timely filing").

The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). However, the court cautioned that courts should use the equitable tolling doctrine "sparingly," "only in the rare situation where it is demanded by sound legal principles as well as the interest of justice." Lacava, 398 F.3d at 275 (3d Cir. 2005). A mere showing of "excusable neglect is not sufficient" to warrant

10

equitable tolling.  Id. at 276; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 546 U.S. 957 (2005).[4]  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Here, Petitioner fails to provide any argument in reply to show diligent effort in pursuing his rights.  He does not articulate any claim that (1) he had been actively misled by

---

[4]  The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

11

state officials; (2) he had been prevented from asserting his rights in some extraordinary way; (3) he timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court had misled him regarding the steps that he needed to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d at 230.

He also fails to excuse his untimeliness on a claim of miscalculation of the statutory limitations period.  However, even if Petitioner had raised such an argument in response to the State's affirmative defense, it would not have saved his petition from a time-bar determination.  Miscalculation of the limitations or the remaining time on a limitations period does not constitute extraordinary circumstances to permit equitable tolling.  Fahey, 240 F.3d at 244; see also Johnson v. Hendricks, 314 F.3d 159, 161, 163 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003). Moreover, even if Petitioner was ignorant of the fact that the limitations period began to run on October 22, 2001, when his state court judgment of conviction became final, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.  Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001).  Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law.  Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001)("While judges are generally lenient with pro se litigants, the Constitution does not require courts to undertake heroic measures to save pro se litigants from the readily

12

foreseeable consequences of their own inaction."); see also Jones, 195 F.3d at 159-60.

In sum, Petitioner offers no excuse, extraordinary or otherwise, to warrant application of equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Therefore, the Court concludes that the habeas petition is time-barred and this habeas petition will be dismissed with prejudice accordingly.  Because this habeas petition is time-barred, the Court need not address the State's other defenses that "in custody" jurisdiction is lacking or that Petitioner did not fully exhaust his state court remedies.

## IV.   CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S.

473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.  For the reasons discussed above, this § 2254 habeas petition is clearly time-barred.  The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion.  Consequently, a certificate of appealability will not be issued.

## CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d).  No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2).  An appropriate order follows.


                                    s/William J. Martini

                                    _____
                                    WILLIAM J. MARTINI
                                    United States District Judge
DATED: 2/6/12